UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIPCO, LLC, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action File No. 2:08cv359 |
| AMAZON.COM, INC., COOPER INDUSTRIES, LTD., COOPER WIRING DEVICES, INC., CRESTRON ELECTRONICS, INC., EATON CORPORATION, HAWKING TECHNOLOGIES, INC., HOMESEER TECHNOLOGIES, LLC, INTERMATIC, INC., LEVITON MANUFACTURING CO., INC., SMART HOME SYSTEMS, INC., WAYNE-DALTON CORP., and X10 WIRELESS TECHNOLOGY, INC., | ) **JURY TRIAL DEMANDED** |
|     Defendants. | ) |

COMPLAINT

NOW COMES Plaintiff SIPCO, LLC ("SIPCO") and hereby makes and files this Complaint and request for injunctive relief and monetary damages against Defendants AMAZON.COM, INC. ("Amazon"), COOPER INDUSTRIES, LTD. ("CIL"), COOPER WIRING DEVICES, INC. ("CWD") (collectively with CIL,

"Cooper"), CRESTRON ELECTRONICS, INC. ("Crestron"), EATON CORPORATION ("Eaton"), HAWKING TECHNOLOGIES, INC. ("Hawking"), HOMESEER TECHNOLOGIES, LLC ("HomeSeer"), INTERMATIC, INC. ("Intermatic"), LEVITON MANUFACTURING CO., INC. ("Leviton"), SMART HOME SYSTEMS, INC. ("SHS"), WAYNE-DALTON CORP. ("Wayne-Dalton"), and X10 WIRELESS TECHNOLOGY, INC. ("X10") (collectively "Defendants"), and in support thereof, respectfully shows the Court as follows:

## PARTIES

1. Plaintiff SIPCO is a Georgia Limited Liability Company having its principal place of business at Overlook I, Suite 660, 2849 Paces Ferry Road, Atlanta, Georgia 30339.

2. Defendant Amazon is a Delaware corporation, having its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

3. Defendant CIL is a Bermuda corporation, having its principal place of business at 600 Travis Street, Suite 5600, Houston, Texas 77002.

4. Defendant CWD is a New York corporation, having its corporate offices at 600 Travis Street, Suite 5600, Houston, Texas 77002.

5. Defendant Crestron is a New Jersey corporation, having its principal place of business at 15 Volvo Drive, Rockleigh, New Jersey 07647.

6. Defendant Eaton is an Ohio corporation, having its principal place of business at 1111 Superior Avenue, Cleveland, Ohio 44114.

7. Defendant Hawking is a California corporation, having its principal place of business at 15281A Barranca Parkway, Irvine, California 92618.

8. Defendant HomeSeer is a New Hampshire corporation, having its principal place of business at 35 Constitution Drive, Suite C, Bedford, New Hampshire 03110.

9. Defendant Intermatic is a Delaware corporation having its principal place of business at Intermatic Plaza, Spring Grove, Illinois 60081.

10. Defendant Leviton is a Delaware corporation, having a principal place of business at 59-25 Little Neck Parkway, Little Neck, New York 11362.

11. Defendant SHS is a New York corporation, having a principal place of business at 10 Lawrence Avenue, Smithtown, New York 11787.

12. Defendant Wayne-Dalton is an Ohio corporation, having its principal place of business at One Door Drive, Mount Hope, Ohio 44660.

13. Defendant X-10 is a Delaware corporation having its principal place of business at 620 Naches Avenue Southwest, Renton, Washington 98057.

## JURISDICTION AND VENUE

14. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq*.

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

16. Defendant Amazon is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. Amazon can be served with process through its registered agent, Corporation Service Company, 6500 Harbour Heights Parkway, Mukilteo, Washington 98275.

17. Defendant CIL is subject to personal jurisdiction in this district by virtue of, among other things, it is a resident of Texas and it is doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district.  CIL can be served with process through its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

18. Defendant CWD is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. CWD can be served with process through its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

19. Defendant Crestron is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or

otherwise having substantial contacts with the State of Texas and this judicial district. Crestron can be served with process through its registered agent, David Feldstein, 15 Volvo Drive, Rockleigh, New Jersey 07647.

20.     Defendant Eaton is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. Eaton can be served with process through its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

21.     Upon information and belief, Defendant Hawking is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. Hawking can be served with process through its registered agent, Frank Lin, 15281A Barranca Parkway, Irvine, California 92618.

22.     Upon information and belief, Defendant HomeSeer is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. HomeSeer can be served with process through its

registered agent, John E. Hughes, 900 Elm Street, P.O. Box 326, Manchester, New Hampshire 03101.

23. Defendant Intermatic is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. Intermatic can be served with process through its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

24. Defendant Leviton is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. Leviton can be served with process through its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

25. Upon information and belief, Defendant SHS is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. SHS can be served with process through its principal place of business at 10 Lawrence Avenue, Smithtown, New York 11787.

26. Defendant Wayne-Dalton is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. Wayne-Dalton can be served with process through its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

27. Upon information and belief, Defendant X10 is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in the State of Texas and this judicial district, through agents and representatives and/or otherwise having substantial contacts with the State of Texas and this judicial district. X10 can be served with process through its registered agent, Danial D. Pharris, 601 Union Street, Suite 2600, Seattle, Washington 98101.

28. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b).

FACTS GIVING RISE TO THIS ACTION

Patents-in-Suit

29. On May 10, 2005, United States Patent No. 6,891,838, entitled "SYSTEM AND METHOD FOR MONITORING AND CONTROLLING RESIDENTIAL DEVICES" (the "'838 Patent"), was duly and legally issued by the United States Patent and Trademark Office (the "PTO"). A copy of the '838 Patent is attached hereto as Exhibit "A."

30. On September 5, 2006, United States Patent No. 7,103,511, entitled "WIRELESS COMMUNICATION NETWORKS FOR PROVIDING REMOTE MONITORING OF DEVICES" (the "'511 Patent"), was duly and legally issued by the PTO. A copy of the '511 Patent is attached hereto as Exhibit "B."

31. SIPCO is the assignee of the '838 Patent and the '511 Patent (collectively, the "Patents-in-Suit").

32. David Petite, the President of Plaintiff SIPCO, is the sole inventor of the technologies embodied in the '511 Patent and is one of two co-inventors of the technologies embodied in the '838 Patent. Mr. Petite is a pioneer in the field of wireless technology, and his inventions are widely deployed in a variety of products and networks throughout the United States.

## Defendants' Acts of Infringement

33. Amazon makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

34. These wireless systems and products include without limitation those marketed by Amazon under various brands on its website, "Amazon.com."

35. Cooper makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

36. These wireless Cooper systems and products include without limitation those marketed by Cooper under its ASPIRE RF brand.

37. Crestron makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the facilities management and consumer-based home automation fields of use.

38. These wireless Crestron systems and products include without limitation those marketed by Crestron under its infiNET brand.

39. Eaton makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation and, upon information and belief, the industrial controls fields of use.

40. These wireless Eaton systems and products include without limitation those marketed by Eaton under its Home Heartbeat brand.

41. Hawking makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

42. These wireless Hawking systems and products include without limitation those marketed by Hawking under its HomeRemote brand.

43. HomeSeer makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

44. These wireless HomeSeer systems and products include without limitation those marketed by HomeSeer under a number of brands, including its own, on HomeSeer's website, "HomeSeer.com."

45. Intermatic makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

46. These wireless Intermatic systems and products include without limitation those marketed by Intermatic under its HomeSettings and InTouch brands.

47. Leviton makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

48. These wireless Leviton systems and products include without limitation those marketed by Leviton under its Vizia RF brand.

49. SHS makes, uses, sells, offers to sell, and/or imports wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

50. These wireless systems and products include without limitation those marketed by SHS under a number of brands on SHS' website, "SmartHomeUSA.com."

51. Wayne-Dalton makes, uses, sells, offers to sell, and/or imports wireless network systems and the components of such systems for use in the consumer-based home automation field of use.

52. These wireless Wayne-Dalton systems and products include without limitation those marketed by Wayne-Dalton under its HomeSettings brand.

53. X10 makes, uses, sells, offers to sell, and/or imports wireless network systems and the components of such systems for use in the consumer-based home automation field of use.

54. These wireless X10 systems and products include without limitation those marketed by X10 under its ActiveHome brand.

55. All Defendants have infringed, contributed to the infringement of, and/or induced the infringement of the '838 Patent through actions undertaken in connection with wireless networks and related products.

56. Defendants Amazon, Cooper, Crestron, Eaton, Hawking, Homeseer, Intermatic, Leviton, SHS and Wayne-Dalton have infringed, contributed to the infringement of, and/or induced the infringement of the '511 Patent through actions undertaken in connection with wireless networks and related products.

57. This suit specifically does not assert infringement of the Patents-in-Suit within the Utility Field of Use, as that term is defined in a certain 2004 License Agreement pursuant to which the Patents-in-Suit were assigned to Plaintiff SIPCO.

## COUNT I
### Infringement of the '838 Patent

58. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 57 as if set forth fully verbatim herein.

59. Defendants are infringing the '838 Patent by making, selling, offering for sale, using, and/or importing products that consist of and/or incorporate infringing wireless network systems. In particular, Defendants are infringing the '838 Patent under 35 U.S.C. §271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and/or selling within the United States products and services that practice the inventions of the '838 Patent; (b) importing into the United States the inventions of the '838 Patent; (c) contributing to the infringement of the '838 Patent by others in the United States; and/or (d) inducing others to infringe the '838 Patent within the United States.

60. Defendants' infringing systems are being manufactured, sold, offered for sale, used, and/or imported without permission or license from Plaintiff, and Defendants will continue such infringement unless enjoined by this Court.

61. Defendants had notice, either actual or constructive, of the '838 Patent.

62. Defendants' infringement of the '838 Patent has been willful and deliberate.

63. As a direct and proximate result of the Defendants' infringement of the '838 Patent, Plaintiff has suffered and will continue to suffer damages.

64. Plaintiff has no adequate remedy at law and will be irreparably injured unless Defendants' acts of infringement are enjoined by this Court.

## COUNT II
### Infringement of the '511 Patent

65. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 64 as if set forth fully verbatim herein.

66. Defendants Amazon, Cooper, Crestron, Eaton, Hawking, Homeseer, Intermatic, Leviton, SHS, and Wayne-Dalton are infringing the '511 Patent by making, selling, offering for sale, using, and/or importing products that consist of and/or incorporate infringing wireless network systems.  In particular, these defendants are infringing the '511 Patent under 35 U.S.C. §271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and/or selling within the United States products and services that practice the inventions of the '511 Patent; (b) importing into the United States the inventions of the '511 Patent; (c) contributing to the infringement of the '511 Patent by others in the United States; and/or (d) inducing others to infringe the '511 Patent within the United States.

67. The infringing systems of Amazon, Cooper, Crestron, Eaton, Hawking, Homeseer, Intermatic, Leviton, SHS, and Wayne-Dalton are being made, sold, offered for sale, used, and/or imported without permission or license from Plaintiff, and these defendants will continue such infringement unless enjoined by this Court.

68. These defendants had notice, either actual or constructive, of the '511 Patent.

69. These defendants' infringement of the '511 Patent has been willful and deliberate.

70. As a direct and proximate result of these defendants' infringement of the '511 Patent, Plaintiff has suffered and will continue to suffer damages.

71. Plaintiff has no adequate remedy at law and will be irreparably injured unless these defendants' acts of infringement are enjoined by this Court.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

A. A judgment that Defendants have infringed, actively induced infringement of, and/or contributorily infringed the '838 Patent, as set forth herein;

B. A judgment that defendants Amazon, Cooper, Crestron, Eaton, Hawking, Homeseer, Intermatic, Leviton, SHS, and Wayne-Dalton have infringed, actively induced infringement of, and/or contributorily infringed the '511 Patent, as set forth herein;

C. An award of all damages recoverable under the United States Patent Laws, in an amount to be proven at trial;

D. An award of treble damages for Defendants' willful infringement;

E. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants and their respective officers, directors, agents, servants,

employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '838 Patent, as set forth herein;

F. A preliminary, and thereafter permanent, injunction enjoining and restraining defendants Amazon, Cooper, Crestron, Eaton, Hawking, Homeseer, Intermatic, Leviton, SHS, and Wayne-Dalton and their respective officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '511 Patent, as set forth herein;

G. A judgment and order requiring Defendants to pay Plaintiff's prejudgment and post-judgment interest on the damages awarded;

H. A judgment requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. §285, with prejudgment interest; and

I. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 19th day of September, 2008.

        WARD & SMITH LAW FIRM

        */s/ Johnny Ward*
        T. JOHN WARD, JR.
        (State Bar No. 00794818)

        P. O. Box 1231
        Longview, Texas 75606-1231
        (903) 757-6400 (telephone)
        (903) 757-2323 (fax)
        jw@jwfirm.com

        PROVOST UMPHREY, LLP
        Joe Kendall
        (State Bar No. 11260700)
        3232 McKinney Avenue, Suite 700
        Dallas, Texas 75204
        (214) 744-3000 (telephone)
        jkendall@provostumphrey.com

        <u>OF COUNSEL</u>:
        John C. Herman
        Ryan K. Walsh
        E. Joseph Benz III
        Jason S. Jackson
        Coughlin Stoia Geller Rudman & Robbins LLP
        3424 Peachtree Street, N.E., Suite 1650
        Atlanta, Georgia 30326
        (404) 504-6500 (telephone)
        (404) 504-6501 (facsimile)
        jherman@csgrr.com
        rwalsh@csgrr.com
        jbenz@csgrr.com
        jjackson@csgrr.com

        Attorneys for Plaintiff
        SIPCO, LLC