IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIPCO, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., COOPER INDUSTRIES, LTD., COOPER WIRING DEVICES, INC., CRESTRON ELECTRONICS, INC., EATON CORPORATION, HAWKING TECHNOLOGIES, INC., HOMESEER TECHNOLOGIES, LLC, INTERMATIC, INC., LEVITON MANUFACTURING CO., INC., SMART HOME SYSTEMS, INC., WAYNE-DALTON CORP., and X10 WIRELESS TECHNOLOGY, INC.,<br><br>　　　　　　　　Defendants. | Civil Action No. 2:08-CV-359<br><br>JURY TRIAL DEMANDED |

### DEFENDANT HAWKING TECHNOLOGIES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Hawking Technologies, Inc. ("Hawking") hereby answers the Complaint filed by plaintiff Sipco, LLC (hereinafter, "Plaintiff" or "Sipco") as follows:

### PARTIES

1.　　　　Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2.　　　　Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies the same.

1

3. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies the same.

4. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

5. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies the same.

6. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies the same.

7. Hawking admits being a California corporation, and having its principal place of business at 15281A Barranca Parkway, Irvine, California 92618.

8. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. Hawking admits that the instant action is a purported action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq.*

15. Hawking admits that subject matter jurisdiction is proper.

16. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies the same.

19. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies the same.

21. Hawking admits that personal jurisdiction is proper, otherwise denied.

22. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies the same.

23. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies the same.

24. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies the same.

25. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies the same.

26. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies the same.

27. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies the same.

28. Hawking admits that venue is proper pursuant to 28 U.S.C. §§1391 and 1400(b); however, Hawking asserts that venue in this court is not convenient and does not comport with the interests of justice. All remaining allegations are denied.

29. Hawking admits that the first page of the 6,891,838 Patent ('838 Patent) lists a title of "SYSTEM AND METHOD FOR MONITORING AND CONTROLLING RESIDENTIAL DEVICES," provides an issue date of May 10, 2005, and a purported copy of the '838 Patent is attached as Exhibit A in the complaint, otherwise denied.

30. Hawking admits that the first page of the 7,103,511 Patent ('511 Patent) lists a title of "WIRELESS COMMUNICATION NETWORKS FOR PROVIDING REMOTE MONITORING DEVICES," provides an issue date of September 5, 2006, and a purported copy of the '511 Patent is attached as Exhibit B in the complaint, otherwise denied.

31. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies the same.

32. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies the same.

33. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies the same.

34. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies the same.

35. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies the same.

36. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies the same.

37. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies the same.

38. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies the same.

39. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies the same.

40. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and therefore denies the same.

41. Hawking admits to making, using, selling, offering to sell, and/or importing wireless sensor network systems and the components of such systems for use in the consumer-based home automation field of use.

42. Hawking admits marketing certain products under the HomeRemote brand, otherwise denied.

43. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and therefore denies the same.

44. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore denies the same.

45. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and therefore denies the same.

46. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and therefore denies the same.

47. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and therefore denies the same.

48. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and therefore denies the same.

49. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies the same.

50. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and therefore denies the same.

51. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies the same.

52. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies the same.

53. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and therefore denies the same.

54. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and therefore denies the same.

55. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 55 of the Complaint, and therefore denies the same.

56. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 56 of the Complaint, and therefore denies the same.

57. Hawking is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and therefore denies the same.

### '838 PATENT

58. Hawking incorporates herein its answers to paragraphs 1-57, as set forth above.

59. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 59 of the Complaint, and therefore denies the same.

60. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint, and therefore denies the same.

61. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 61 of the Complaint, and therefore denies the same.

62. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 62 of the Complaint, and therefore denies the same.

63. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 63 of the Complaint, and therefore denies the same.

64. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 64 of the Complaint, and therefore denies the same.

### '511 PATENT

65. Hawking incorporates herein its answers to paragraphs 1-64, as set forth above.

66. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 66 of the Complaint, and therefore denies the same.

67. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 67 of the Complaint, and therefore denies the same.

68. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 68 of the Complaint, and therefore denies the same.

69. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 69 of the Complaint, and therefore denies the same.

70. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 70 of the Complaint, and therefore denies the same.

71. Denied as to Hawking. Hawking is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint, and therefore denies the same.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

72. Non-infringement. No product of Hawking that is alleged by Plaintiff to infringe the '838 Patent infringes said patent, either directly or indirectly, literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

73. Non-infringement. No product of Hawking that is alleged by Plaintiff to infringe the '511 Patent infringes said patent, either directly or indirectly, literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

74. Invalidity. The claims of the '838 Patent are invalid based on a ground specified in Title II of Title 35 of the United States Code as a condition for patentability.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

75. Invalidity. The claims of the '511 Patent are invalid based on a ground specified in Title II of Title 35 of the United States Code as a condition for patentability.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

76. Estoppel. Plaintiff is estopped in view of the prior art and/or by virtue of cancellation, amendments, representations, and concessions made to the United States Patent and Trademark Office during prosecution of the applications for the '838 Patent, from construing any claim to be infringed or to have been infringed by Hawking.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

77. Estoppel. Plaintiff is estopped in view of the prior art and/or by virtue of cancellation, amendments, representations, and concessions made to the United States Patent and Trademark Office during prosecution of the applications for the '511 Patent, from construing any claim to be infringed or to have been infringed by Hawking.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

78. No Injunctive Relief. Plaintiff is not entitled to any injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

79. Patent Misuse. Plaintiff is barred from asserting the '838 Patent by the equitable doctrine of patent misuse.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

80. Patent Misuse. Plaintiff is barred from asserting the '511 Patent by the equitable doctrine of patent misuse.

## TENTH AFFIRMATIVE DEFENSE
### (Express or Implied License)

81. Express or Implied License. Plaintiff's claims are barred in whole or in part pursuant to an actual license or under the doctrine of implied license.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Absence of Liability for Infringement)

82. Absence of Liability for Infringement. There is an absence of liability for infringement for all the foregoing reasons, and for any additional reasons permitted by law or equity. At least one additional reason may be unenforceability of the '838 Patent due to inequitable conduct, and Hawking reserves its right to raise this defense should facts be discovered that warrant application of an inequitable conduct defense.

## TWELFTH AFFIRMATIVE DEFENSE
### (Absence of Liability for Infringement)

83. Absence of Liability for Infringement. There is an absence of liability for infringement for all the foregoing reasons, and for any additional reasons permitted by law or equity. At least one additional reason may be unenforceability of the '511 Patent due to inequitable conduct, and Hawking reserves its right to raise this defense should facts be discovered that warrant application of an inequitable conduct defense.

## COUNTERCLAIMS

Hawking Technologies, Inc. ("Hawking") files these Counterclaims against Sipco, LLC (hereinafter, "Plaintiff" or "Sipco") as a matter of right. For its counterclaims, Hawking alleges:

### The Parties

1. Hawking is a corporation organized under the laws of the State of California, with its principal place of business at 15281A Barranca Parkway, Irvine, California 92618.

2. Sipco is a limited liability company organized under the laws of the State of Georgia, having its principal place of business at Overlook I, Suite 660, 2849 Paces Ferry Road, Atlanta, Georgia 30339.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because the counterclaims arise under the patent statutes of the United States.

4. This Court has personal jurisdiction over Sipco by virtue of Sipco's assertion of United States Patent No. 6,891,838 (the "'838 Patent") and United States Patent No. 7,103,511 (the "'511 Patent"), collectively referred to as the "Asserted Patents" in this Court.

5. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and/or 1400(b).

6. Jurisdiction is also proper for at least the reason that Sipco filed the underlying complaint within this State and district.

7. In light of Sipco's allegations that Hawking has in the past and will in the future infringe, either directly or indirectly, allegedly valid claims of the '838 Patent and '511 Patent and Hawking's denial of those allegations, there is a real and immediate controversy between Sipco and Hawking concerning the '838 Patent and the '511 Patent.

## COUNT I-DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '838 PATENT

8. Hawking incorporates and re-alleges the allegations of paragraphs 1-7 as if fully stated herein.

9. Hawking is not infringing, nor has it infringed, any claim of the '838 Patent.

10. Sipco is precluded from asserting a claim scope that would cover any product of Hawking in view of the claims, specification, prior art, and the prosecution history of the '838 Patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Hawking requests a declaration from the Court that Hawking does not infringe any claim of the '838 Patent, either directly or indirectly.

## COUNT II-DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '838 PATENT

12. Hawking incorporates and re-alleges the allegations of paragraphs 1-11 as if fully stated herein.

13. The '838 Patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including the failure to comply with the requirements of 35 U.S.C. §§ 100 *et seq*., including sections 101, 102, 103, and 112.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* Hawking requests a declaration from the Court that the claims of the '838 Patent are invalid because they fail to meet the statutory requirements of Title 35 of the United States Code, including the failure to comply with 35 U.S.C. §§ 100 *et seq*., including sections 101, 102, 103, and 112.

## **COUNT III-DECLARATORY JUDGMENT OF**
## **NON-INFRINGEMENT OF THE '511 PATENT**

15. Hawking incorporates and re-alleges the allegations of paragraphs 1-14 as if fully stated herein.

16. Hawking is not infringing, nor has it infringed, any claim of the '511 Patent.

17. Sipco is precluded from asserting a claim scope that would cover any product of Hawking in view of the claims, specification, prior art, and the prosecution history of the '511 Patent.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., Hawking requests a declaration from the Court that Hawking does not infringe any claim of the '511 Patent, either directly or indirectly.

## COUNT IV-DECLARATORY JUDGMENT OF

## INVALIDITY OF THE '511 PATENT

19. Hawking incorporates and re-alleges the allegations of paragraphs 1-18 as if fully stated herein.

20. The '511 Patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including the failure to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and 112.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* Hawking requests a declaration from the Court that the claims of the '511 Patent are invalid because they fail to meet the statutory requirements of Title 35 of the United States Code, including the failure to comply with 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and 112.

## REQUEST FOR RELIEF

WHEREFORE, Hawking respectfully requests the Court:

A. Dismisses the Complaint with prejudice, with Sipco taking nothing;

B. Adjudges that all claims of U.S. Patent Nos. 6,891,838 and 7,103,511 are not and have not been infringed by Hawking;

C. Adjudges that all claims of U.S. Patent Nos. 6,891,838 and 7,103,511 are invalid;

D. Declares that Hawking has not directly or indirectly infringed U.S. Patent Nos. 6,891,838 and 7,103,511;

E. Declares that U.S. Patent Nos. 6,891,838 and 7,103,511 are invalid;

F.	Issues a Judgment that this is an exceptional case that warrants the award of attorneys' fees and costs pursuant to 35 U.S.C. §285; and

G.	Provides such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule CV-38, Hawking demands a trial by jury in this action on all issues triable by a jury, including the Counterclaims.

Respectfully submitted,

Dated: February 23, 2009

/s/ Vikram M. Reddy
Charles C.H. Wu, Esq.
(California State Bar No. 166756)
Vikram M. Reddy, Esq.
(California State Bar No. 228515)
**WU & CHEUNG, LLP**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111, Ext. 118
Facsimile: (949) 251-1588
Email: cchwu@wclawyers.com
Email: vreddy@wclawyers.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on February 23, 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), and I caused a copy of this document to be served via first class mail to:


Allan Diamanti, President
Smart Home Systems, Inc.
10 Lawrence Ave
Smithtown, NY 11787

Dated this 23rd day of February, 2009.

              /s/ Vikram M. Reddy
              Vikram M. Reddy