IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **SIPCO LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:08-CV-359 (DF) |
| | § | |
| **AMAZON.COM, INC., et al.,** | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court are Defendant Eaton Corporation's Motion to Sever and Transfer to the Western District of Pennsylvania, Plaintiff's response, and Eaton's reply. Dkt. Nos. 109, 122, and 129. Also before the Court are Defendant X10 Technology, Inc.'s Motion to Sever and Transfer to the Western District of Washington, Plaintiff's response, and X10's reply. Dkt. No. 130, 149, and 160. The Court held a hearing on these matters on April 8, 2009. Dkt. No. 177. Having considered all relevant papers and pleadings, the Court finds that Defendants' respective motions to sever and transfer should be **DENIED**.

Plaintiff Sipco LLC ("Sipco") filed this patent infringement action on September 19, 2008. Dkt. No. 1. Sipco alleges that twelve different defendants, including Eaton Corporation ("Eaton") and X10 Wireless Technology, Inc. ("X10"), infringe U.S. Patent Nos. 6,891,838 ("the '838 Patent") and 7,103,511 ("the 511 Patent"). Eaton and X10 now ask to be severed from this action and transferred to districts near each defendant's home operations. Dkt. Nos. 109 and 130.

Recently, the Federal Circuit refused to order transfer of a case where transfer would have resulted in multiple lawsuits involving the same issues. *In re Volkswagen of Am., Inc.*, 2009 WL

1425475, at *2 (Fed. Cir. May 22, 2009).  In so doing, the Federal Circuit stated that "the existence of multiple suits involving the same issues is a *paramount consideration* when determining whether a transfer is in the interest of justice." *Id.* (emphasis added).  Moreover, "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Id.* (citing *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)).

  Defendants cannot argue that transfer of this case is appropriate for all parties because both the Plaintiff and multiple Defendants have offices in the state of Texas.  Instead, Eaton and X10 separately ask to be severed from this action and transferred to different districts.  Defendants' request would create simultaneous proceedings on the same patents and related products in *three* district courts.  This Court finds that such would be unnecessarily wasteful of the court system's time, energy, and money.

  Accordingly, Defendant Eaton's Motion to Sever and Transfer to the Western District of Pennsylvania (Dkt. No. 109) and Defendant X10's Motion to Sever and Transfer to the Western District of Washington (Dkt. No. 130) are hereby **DENIED**.

  **SIGNED this 3rd day of June, 2009.**

                 _____
                 DAVID FOLSOM
                 UNITED STATES DISTRICT JUDGE