IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SIPCO, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:08-CV-359-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff SIPCO, LLC's ("SIPCO") Motion for Attorneys' Fees, Costs, and Expenses Against Hawking Technologies, Inc. ("Hawking") and Frank Lin, filed October 12, 2011 (Dkt. No. 404) and Defendant Hawking and Third-Party Lin's Motion for Leave to Reconvene the Depositions of Jason Owen and JoAnne You, filed May 7, 2012 (Dkt. No. 500).  SIPCO renewed its motion for attorneys' fees on January 15, 2013 (Dkt. No. 586). The Court having considered the motions finds that SIPCO's motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**, and that Hawking and Mr. Lin's motion should be **DENIED** for the reasons below.

   I.  BACKGROUND

Pursuant to Local Rule AT-3(b) and Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct, Mr. Charles Wu of the law firm Wu & Cheung, L.L.P. in Irvine, California, informed the Court of conduct committed by Hawking Technologies and its employees which may warrant sanctions or other disciplinary action.  The facts are as follows:

On September 19, 2008, SIPCO filed the above-styled patent infringement suit against several defendants, including Hawking. Hawking was served with a copy of the Complaint on September 22, 2008. (*See* Dkt. No. 15.) Hawking failed to file its Answer to the Complaint or otherwise appear in the case by the answer deadline of October 14, 2008. On December 11, 2008, based on Hawking's failure to answer the Complaint, SIPCO filed a Motion for Default Judgment (Dkt. No. 82), which the Court granted on December 12, 2008. (Dkt. No. 85.)

On December 23, 2008, Mr. Wu filed a notice of appearance on behalf of Hawking. (Dkt. No. 92.) Mr. Wu filed a Motion to Set Aside Default Judgement on January 7, 2009. (Dkt. No. 95.) In support of the Motion to Vacate, Hawking submitted Declarations from Mr. Jason Owen and Ms. Joanne You ("original declarations"). In her declaration, Ms. You stated that she recalled receiving a package via courier which may have included a copy of the summons and Complaint served on Hawking, but she was not aware of the content of those documents. (Dkt. No. 94, Exh. 2 at ¶¶ 2-3.) She further stated that she placed those documents in an area designated for documents for further processing. (*Id*. at ¶ 3.) Mr. Owen stated in his declaration that the area where the documents were placed contained a leaking water pipe and the water leaking from the pipe damaged the documents. (Dkt. No. 94, Exh. 1 at ¶ 4-6.) Mr. Owen stated that he discarded the damaged documents because they were completely illegible and was not aware of the contents of the damaged documents. (*Id*. at ¶ 7.)

The Court held a hearing on February 9, 2009, on the Motion to Set Aside Default Judgment, and granted Hawking's motion on February 10, 2009. (Dkt. No. 128.) In its Order granting the Motion to Set Aside Default Judgment, the Court found that Hawking's failure to answer was justifiable because of the damage to the summons and complaint caused by a leaking water pipe. (Dkt. No. 128 at 3.) SIPCO and Hawking subsequently settled the lawsuit and

Hawking was dismissed from the case on September 21, 2009.  On November 16, 2010, Mr. Wu filed a notice informing the Court of his law firm's withdrawal from further representation of Hawking.

On December 13, 2010, Mr. Wu submitted a letter informing the Court that he had become aware that his former client may have knowingly submitted false declarations in support of the Motion to Set Aside Default Judgment.  Specifically, Mr. Wu explained that his firm had submitted the Motion to Vacate Default Judgment based solely on the representations of Mr. Frank Lin, a principal of Hawking, that the summons and complaint served on Hawking were water damaged at Hawking's facility and discarded.  After Hawking had been dismissed from the above case due to settlement, Mr. Wu's law firm filed a fee collection case against Hawking in the Orange County Superior Court of California, entitled *Wu & Cheung, LLP v. Hawking Technology, et al.*, No. 30-2009-00321440 (hereinafter, the "Collection Case").  According to Mr. Wu, during the course of discovery in the Collection Case, Mr. Owen and Ms. You, both no longer employed by Hawking, disclosed that the "water damaged document" story presented in the Motion to Vacate Default Judgment was false.  Furthermore, they indicated that they had been ordered by Mr. Lin to submit their declarations in support of the Motion to Vacate Default Judgment.  As a result of their new disclosures to Mr. Wu, Mr. Owen and Ms. You drafted new declarations regarding their knowledge of the events surround their original declarations.  These new declarations were submitted to the Court along with Mr. Wu's letter.

In their new declarations, Mr. Owen and Ms. You state that Mr. Lin had instructed them to sign a declaration in the case.  Ms. You's new declaration states that she had no knowledge of the package or the summons and complaint documents that she referenced in her original declaration.  Ms. You further states that she had executed the original declaration under direct

3

instructions from her supervisor, Mr. Lin. Similarly, Mr. Owen states in his new declaration that he had no personal knowledge regarding the package, documents consisting of the summons and complaint, or the water pipe incident referenced in his original complaint. Mr. Owen further states that he was informed about the leaking water pipe incident by Mr. Lin and that Mr. Lin, who then was his direct supervisor, instructed him to sign the original declaration.

On April 14, 2011, the Court ordered Hawking, Mr. Lin, Mr. Owen, and Ms. You to show cause why (1) Hawking should not be sanctioned for knowingly submitting the false declarations of Mr. Owens and Ms. You to the Court; (2) the Court's Order granting Hawking's Motion to Vacate Default Judgment should not be vacated; and (3) the above-mentioned allegations should not be referred to the U.S. Attorney for investigation and possible prosecution for violation of 18 U.S.C. §§ 1622 and 1623. (Dkt. No. 328.) A hearing on the Order to Show Cause was held on August 19, 2011. Hawking and Mr. Lin, Ms. You, Mr. Owens, and Wu & Cheung, LLP submitted post-hearing briefs for the Court's consideration. (Dkt. Nos. 444, 401, 443, and 441, respectively.)

On March 16, 2012, the Court issued an order finding that Mr. Lin was responsible for the false declarations and knowingly and intentionally ordered Mr. Owen and Ms. You to submit false declarations to the Court. (*See* Dkt. No. 484 at 10-12.) Accordingly, the Court referred the allegations against Mr. Lin to the U.S. Attorney for investigation and possible prosecution. The Court reserved ruling on the present motion.

## II. APPLICABLE LAW

The Court's inherent power to control the judicial process includes the power to impose a sanction for "bad faith conduct in litigation." *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001). "[T]he threshold for the use of inherent power sanctions is high." *E.g.*, *Crowe v. Smith*, 151 F.3d

217, 226 (5th Cir. 1998).  "A court should invoke its inherent power to [sanction] only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

### III. DISCUSSION

SIPCO asks the Court to exercise its inherent power to sanction Hawking and Mr. Lin by assessing SIPCO's attorneys' fees, costs, and expenses against Hawking and Mr. Lin.  The Court previously found that Mr. Lin was responsible for the false declarations and knowingly and intentionally ordered Mr. Owen and Ms. You to submit false declarations to the Court.  (*See* Dkt. No. 484 at 10-12.)  Such conduct leaves no doubt with the Court that fraud has been practiced upon it.  *See Boland Marine & Mfg. Co.*, 41 F.3d at 1005.  Indeed, Hawking and Mr. Lin, in their response to SIPCO's motion, do not contend that their misconduct does not merit sanctions. Accordingly, the Court finds that it should exercise its inherent power to sanction Hawking and Mr. Lin by assessing SIPCO's attorneys' fees, costs, and expenses against Hawking and Mr. Lin.

The Court having determined that sanctions should be imposed now turns to three issues Hawking and Mr. Lin raised that may affect such sanctions: whether this Court retains jurisdiction to impose sanctions; whether the amount requested is improper; and whether SIPCO failed to meet and confer with Hawking's counsel before filing its motion.

#### a. Whether The Court Retains Jurisdiction to Impose Sanctions

Hawking and Mr. Lin argue that this Court does not retain jurisdiction to impose sanctions because the underlying case had been dismissed with prejudice pursuant to a settlement agreement.  In support, Hawking and Mr. Lin cite a string of cases for the proposition that a federal court does not retain jurisdiction to enforce a settlement agreement unless the order of

dismissal expressly retains jurisdiction to do so.  (*See* Dkt. No. 436 at 6-9.)  Even if true, such proposition is irrelevant here.  The Court is not seeking to enforce the settlement agreement but is deciding whether to impose sanctions for Hawking and Mr. Lin's misconduct.  The imposition of sanctions is not a judgment on the merits of the underlying case.  "'Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.  Such a determination may be made after the principal suit has been terminated.'"  *Ratliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)).  Indeed, the Fifth Circuit has unequivocally stated that "a district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case."  *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637-38 (5th Cir. 2008).

Hawking and Mr. Lin further argue that the Court's Order of Dismissal required that "[e]ach party shall bear its own attorneys' fees and costs."  (See Dkt. No. 271 at 1-2.)  The Order of Dismissal, however, pertained only to the patent infringement claims.  The issue here relates to misconduct revealed well after such dismissal and calls upon the Court's inherent power to sanction a party.  Accordingly, the Court finds that it retains jurisdiction to impose sanctions, including attorneys' fees, costs, and expenses.

### b. *Whether the Amount Requested is Improper*

SIPCO asks this Court to impose sanctions against Hawking and Mr. Lin by awarding SIPCO the full amount of its respective attorneys' fees, costs, and expenses incurred after December 11, 2008 (the date SIPCO first moved for default judgment as to Hawking) that relate to the Hawking.  Specifically, SIPCO seeks an award in the amount of $92,500.00.  In a

6

declaration filed with its motion, SIPCO derived this amount by providing, *inter alia*: the time and labor required; the experience, reputation, and ability of the attorneys; each attorney's hourly fee; and that such hourly fee is reasonable for each attorney given the type of case and taking into account the factors to be considered pursuant to Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct.  (Dkt. No. 404-1.)  This amounted to at least $177,224.00 in attorneys' fees for the representation of SIPCO as it related to Hawking since December 12, 2008.  (Dkt. No. 404-1 at ¶ 26.)  The firm also incurred reasonable costs and expenses in the form of travel and administrative support of $8,757.93.  (Dkt. No. 404-1 at ¶ 25.)  Thus, the total attorneys' fees, costs, and expenses incurred by SIPCO's counsel in this case since December 12, 2008, and as it related to Hawking, is over $185,000.00.  (Dkt. No. 404-1 at ¶ 27.)  SIPCO seeks half that amount, or $92,500.00.  (Dkt. No. 404-1 at ¶ 28.)  The reduction purports to "account[] for any attorney time included . . . which may have involved work related to Defendants other than Hawking in this case."  (Dkt. No. 404-1 at ¶ 28.)

In response, Hawking and Mr. Lin do not take any issue with the reasonableness of the hourly fee.  Rather, Hawking and Mr. Lin argue that the requested costs are overstated for two reasons.  First, Hawking and Mr. Lin contend that the reduction to account for attorney time included which may have involved work related to defendants other than Hawking is arbitrary and speculative.  The Court agrees.  Many of the timesheet entries SIPCO relied upon in calculating the total fees consist of block-billing entries that include work not related to Hawking.  Merely dividing the total amount in half does not provide the Court with any evidence to determine the percentage of time of each entry that is attributable to Hawking.  SIPCO has failed to provide the Court with an accurate accounting of its attorneys' hours billed in relation to Hawking.

Second, Hawking and Mr. Lin assert that SIPCO should be entitled to fees and costs, if any at all, only in relation to opposing Hawking's Motion to Set Aside Default. SIPCO should not, Hawking and Mr. Lin continue, be entitled to general litigation matters that were not directly responsive to the Motion to Set Aside Default, such as "work relating to Rule 26 initial disclosures, and infringement contentions." (Dkt. No. 436 at 11.) The Court disagrees. SIPCO would not have incurred such general litigation matters but for the false declarations that Mr. Lin was responsible for in moving to set aside default. Accordingly, the Court finds that SIPCO properly included all costs and fees incurred beginning December 12, 2011, but that SIPCO did not properly apportion those costs and fees to Hawking.

### c. *Whether SIPCO Failed to Meet and Confer*

Hawking and Mr. Lin argue that SIPCO's motion should be denied because SIPCO deliberately failed to meet the Local Rules' meet and confer requirement prior to filing its motion. "An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action." Local Civil Rule 7(h). Counsel for SIPCO attempted to meet and confer with counsel for Hawking and Mr. Lin on October 12, 2011. While counsel for both sides exchanged several emails, counsel for Hawking and Mr. Lin were ultimately unavailable to meet and confer that day. SIPCO, believing that the motion was due on October 12, 2011, filed the motion that day and indicated that it would file a supplemental certificate of conference once opposing counsel had made themselves available to meet and confer. On October 14, 2011, SIPCO filed a supplemental certificate of conference indicating that the motion is opposed. While SIPCO failed to comply with the meet and confer requirement when it filed its motion on October 12, 2011, the Court finds that such failure did not amount to an "unreasonable" failure

that would merit disciplinary action.  Accordingly, the Court rejects Hawking and Mr. Lin's argument that SIPCO's motion should be denied for its failure to meet and confer.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that SIPCO's Motion for Attorneys' Fees, Costs, and Expenses (Dkt. No. 404) should be and is hereby **GRANTED-IN-PART** and **DENIED-IN-PART**.  SIPCO's request to sanction Hawking and Mr. Lin by assessing SIPCO's attorneys' fees, costs, and expenses against Hawking and Mr. Lin, at the hourly rates stated in the Declaration of John C. Herman (Dkt. No. 404-1), and incurred in relation to Hawking beginning December 12, 2008, is hereby **GRANTED**.  SIPCO's request for the specific amount of $92,500.00 is hereby **DENIED**.  It is **ORDERED** that SIPCO file a supplemental brief, within ten (10) days from the date of this Order, providing a revised total with a basis upon which to apportion a percentage of each block-billed entry to matters related to defendant Hawking only.  Hawking and Mr. Lin may file a supplemental response by no later than ten (10) days thereafter.

The Court further finds that Hawking and Mr. Lin's Motion for Leave (Dkt. No. 500) should be and is hereby **DENIED AS MOOT**.

**So ORDERED and SIGNED this 25th day of September, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE